Ben SMITH, Plaintiff-Appellant,

v.

**KERRVILLE BUS COMPANY, INC.,**
**Defendant-Appellee.**

No. 86–2110
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1986.

Mendelsohn, Heidelberg & Beer, Inc., James M. Heidelberg, San Antonio, Tex., for plaintiff-appellant.

Shelton Padgett, San Antonio, Tex., for defendant-appellee.

Before POLITZ, JERRE S. WILLIAMS, and EDITH HOLLAN JONES, Circuit Judges.

## OPINION

POLITZ, Circuit Judge:

For the third time, Benjamin H. Smith appeals a judgment of the district court dismissing his breach of contract action. In the prior instances Smith prevailed. This time the appeal is from a judgment based on an adverse jury verdict and we affirm.

### Background

Following an audit which disclosed a shortage of cash fares of just under ten dollars, Smith, who had driven for Kerrville Bus Company for 26 years, was discharged for "mishandling company property." Smith filed suit, alleging that a "just cause" restriction on Kerrville's power to discharge him could be inferred from the collective bargaining agreement between Kerrville and the drivers' union. Otherwise, as an "at will" employee, Kerrville could discharge Smith at any time for any reason.

The district court granted summary judgment dismissing the complaint. We reversed and remanded for further proceedings. *Smith v. Kerrville Bus Co., Inc.,* 709 F.2d 914 (5th Cir.1983) (*Smith I*).

On remand the district court, applying *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), found the action time-barred. We again reversed, remanding for trial. *Smith v. Kerrville Bus Co., Inc.,* 748 F.2d 1049 (5th Cir.1984) (*Smith II*). In doing so we directed that the trier of fact resolve the following factual issues:

(1) Whether the Drivers Rule Book promulgated and issued by Kerrville to bus drivers constituted a part of the collective bargaining agreement.

(2) If so, whether the Drivers Rule Book, together with the collective bargaining agreement, placed a "just cause" limitation upon Kerrville's common law right to dismiss employees at will.

(3) If so, whether Kerrville had "just cause" to terminate Smith's employment.

748 F.2d at 1051 (footnote omitted).

At the trial on remand these three questions were submitted to the jury without objection. The jury answered the first inquiry affirmatively but the second negatively, thereby rejecting Smith's claim. The district court entered judgment accordingly. Smith appeals, contending that the court erred in submitting the second question to the jury.

### Analysis

Smith contends that because we stated in *Smith I* that "[t]he inquiry whether a just cause limitation on dismissals may be implied from the language of a collective bargaining agreement presents a question of law for the court," 709 F.2d at 916, the district court and the panel in *Smith II* erred in holding that the issue of "whether the Drivers Rule Book, together with the collective bargaining agreement, placed a 'just cause' limitation upon Kerrville's common law right to dismiss employees at will" is a question of fact to be resolved by the jury. 748 F.2d at 1051. We do not agree. This contention misperceives our *Smith I* holding. The quoted language is merely a

statement of the general proposition that the interpretation of a collective bargaining agreement, as with any contract, is typically a question of law. We did not hold, as a matter of law, that the Drivers Rule Book, read together with the collective bargaining agreement, imposed a just cause limitation on Kerrville's power to terminate. In vacating the summary judgment we remanded to permit that factual determination to be made.

*Smith II* accurately articulated the three factual issues which *Smith I* considered essential to a resolution of this contractual dispute. Those three issues were fairly presented to the jury. The jury performed its function and resolved the dispute. The matter is concluded.

The judgment of the district court is AFFIRMED.