**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BARBARA FORRESTER; GARY
FORRESTER,

        *Plaintiffs-Appellees,*

        v.

PENN LYON HOMES, INCORPORATED,
d/b/a Penn Lyon Homes
Corporation; PLH ERECTORS,
INCORPORATED,

        *Defendants-Appellants,*

        and

FOWLER HOMES, LLC, a Virginia
Limited Liability Company,

        *Defendant.*

No. 07-2171

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
John Preston Bailey, Chief District Judge.
(3:05-cv-00117-JPB)

Argued: December 2, 2008

Decided: January 21, 2009

Before WILLIAMS, Chief Judge, and NIEMEYER
and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Chief Judge Williams and Judge Niemeyer joined.

---

**COUNSEL**

**ARGUED:** Thomas Moore Lawson, LAWSON & SILEK, P.L.C., Winchester, Virginia, for Appellants. Braun A. Hamstead, HAMSTEAD & ASSOCIATES, L.C., Martinsburg, West Virginia, for Appellees. **ON BRIEF**: Brian J. McAuliffe, Martinsburg, West Virginia, for Appellees.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Penn Lyon Homes, Inc. and PLH Erectors, Inc. (collectively Penn Lyon) appeal from the district court's order denying their motion to stay court proceedings and compel arbitration of Barbara and Gary Forrester's claims against Penn Lyon. Before moving to compel arbitration, Penn Lyon engaged in extensive litigation measures that caused the Forresters actual prejudice. For this reason, Penn Lyon has defaulted the right to arbitration, and we therefore affirm.

I.

On September 29, 2005, the Forresters filed a complaint in state court against Penn Lyon for claims arising out of the construction and installation of a modular home. At some point during the sale of the home, Penn Lyon Homes provided the Forresters a "One Year Limited Warranty" and an application for a "10 Year Manufacturer's Structural Warranty." The structural warranty contains an arbitration clause requiring the parties to submit to arbitration all disputes arising under it, but

this clause was not included in the application received by the Forresters.

Count III of the Forresters' complaint, the count relevant to this appeal, alleges a breach of implied *and express warranty*. It states that Penn Lyon failed to deliver goods in compliance with "the express warranty provided to" the Forresters. After removing the suit to federal court, Penn Lyon denied these allegations in its answer but did not raise arbitration as an affirmative defense.

For the next 18 months the parties engaged in discovery and filed an assortment of pretrial motions. For example, Penn Lyon filed a cross-claim, a motion for extension of time to complete discovery and file dispositive motions, a motion to continue trial, a motion to extend time to submit pretrial filings, a motion for summary judgment, and at least two motions in limine. The parties also took depositions, engaged in multiple settlement and mediation proceedings, and filed their proposed jury instructions, verdict forms, voir dire, and exhibit and witness lists in anticipation of the scheduled trial.

Throughout the course of these proceedings, the Forresters repeatedly referred to the structural warranty. In May 2006, in response to an interrogatory requesting the facts, occurrences, witnesses, or documents supporting their claim that Penn Lyon had breached any implied warranty, the Forresters listed the structural warranty and produced two pages they had received from Penn Lyon related to it. At that same time, in response to requests for production of documents including written warranties, the Forresters again listed and produced the announcement of the structural warranty that they had received from Penn Lyon. The Forresters' opposition to Penn Lyon's motion for summary judgment, which they filed in October 2006, quoted and cited the structural warranty announcement, although they did not argue for relief under it. Finally, a month before the scheduled trial the Forresters filed a proposed verdict form that specifically asked: "Did Defen-

dant Penn Lyon breach the extended ten-year structural warranty made directly to the Plaintiffs . . . ?"

On May 11, 2007, two days after the Forresters filed their proposed verdict form, the parties reached a settlement agreement, which they re-negotiated in August 2007. On November 5, 2007, after the settlement failed, the Forresters moved for a scheduling conference. Only then did Penn Lyon indicate its intent to move to compel arbitration. At a hearing on November 9, 2007, the district court denied Penn Lyon's oral motion to compel arbitration and scheduled a trial date. Penn Lyon then filed a written motion to prohibit claims under the structural warranty or, alternatively, to compel arbitration and stay court proceedings.

Although the district court deferred making a decision on whether the Forresters could make a claim under the structural warranty until the court could hear relevant testimony at trial, it denied Penn Lyon's motion to compel arbitration and stay judicial proceedings. The court found that Penn Lyon had defaulted its right to arbitration, reasoning that the complaint itself refers to the express warranty, that the arbitrable claim does not pertain to any defendant other than Penn Lyon and is only one of several claims in the complaint, and that Penn Lyon waited for two years and until the completion of almost all pretrial preparations and filings to request arbitration. Penn Lyon then filed this interlocutory appeal pursuant to 9 U.S.C. § 16 (2006).

## II.

We review a district court's decision as to default of arbitration *de novo* but defer to the district court's underlying factual findings. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 250 (4th Cir. 2001). The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (2006), governs the rights and responsibilities of the parties with respect to an arbitration agreement. *Patten*

*Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004).

Under section 3 of the FAA, a party loses its right to a stay of court proceedings in order to arbitrate if it is "in default in proceeding with such arbitration." 9 U.S.C. § 3 (2006). Default in this context resembles waiver, but, due to the strong federal policy favoring arbitration, courts have limited the circumstances that can result in statutory default. *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985).

For example, simply failing to assert arbitration as an affirmative defense does not constitute default of a right to arbitration. *See Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 96 (4th Cir. 1996). Similarly, delay and participation in litigation will not alone constitute default. *See MicroStrategy*, 268 F.3d at 250-52. But a party will default its right to arbitration if it "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Maxum Founds.*, 779 F.2d at 981. The "heavy burden" of showing default lies with the party opposing arbitration. *Am. Recovery Corp.*, 96 F.3d at 95.

Penn Lyon argues that the district court erred when it held that Penn Lyon had defaulted its right to compel arbitration. It asserts that it did not know until May 9, 2007—when the Forresters filed their proposed verdict form—that the Forresters intended to make a claim under the structural warranty. Because the parties reached a settlement on May 11, 2007 and did not return to court until November 2007, Penn Lyon argues that it moved to compel arbitration without delay.

The record reveals, however, that Penn Lyon was on notice of the structural warranty claim long before it moved to compel arbitration. As described at length above, the Forresters referred to the warranty several times during the course of the

litigation, including in their complaint, among their discovery responses, and in their opposition to summary judgment. Penn Lyon has not adequately explained how it could have overlooked the structural warranty claim.

Although Penn Lyon was, or should have been, aware of the Forresters' reliance on the structural warranty at an early stage in the litigation, Penn Lyon waited until the eve of trial to file its motion to compel arbitration. By that time, over two years of litigation had occurred in which the Forresters had engaged in extensive pretrial preparations including multiple depositions, a motion for summary judgment, motions in limine, and submission of an array of pretrial filings. "To permit litigants to participate fully in discovery, make motions going to the merits of their opponent's claims, and delay assertion of a contractual right to compel arbitration until the eve of trial defeats one of the reasons behind the federal policy favoring arbitration . . . ." *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1577 (2d Cir. 1991) (citations omitted).

This use of the litigation process by Penn Lyon caused the Forresters actual prejudice. It required the Forresters to expend significant time and money responding to Penn Lyon's motions and preparing for trial, permitted Penn Lyon to defeat several of the Forresters' claims on summary judgment, and forced the Forresters to reveal their trial strategy. Moreover, before it moved to compel arbitration, Penn Lyon had the opportunity to witness how a jury might respond to a claim under the structural warranty in another lawsuit in the same district court, where a jury found Penn Lyon liable to a homeowner under the warranty at issue in this case. *See Ishman v. Penn Lyon Homes, Inc.*, No. 3:04-CV-21 (N.D. W. Va. Jun. 15, 2007). Penn Lyon, therefore, has defaulted its right to arbitration. *See Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987) (finding actual prejudice when the party opposing arbitration had to respond

to multiple dispositive motions and "prepare repeatedly for trial rather than for arbitration").

None of the cases on which Penn Lyon relies requires a contrary holding. None involves equally extensive pretrial filings, resolution of a motion for summary judgment, or an indication that the delayed request for arbitration provided the party seeking arbitration a strategic advantage. *See, e.g.*, *Patten Grading*, 380 F.3d at 206-07 (finding no default where the party favoring arbitration waited four months and until some discovery had occurred before filing a motion to compel arbitration but where no party had taken a deposition or filed motions regarding the merits); *Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329, 330-31 (4th Cir. 1971) (finding no default where the party favoring arbitration filed an answer and counterclaim and waited four months before filing a motion to compel arbitration).

Nor, contrary to Penn Lyon's assertion, does *MicroStrategy*, 268 F.3d at 250-54, provide support for its position that by not specifically litigating the structural warranty claim prior to filing its motion to compel arbitration, it did not default its right to arbitration. In *MicroStrategy*, we found no default although MicroStrategy, the party seeking arbitration, had previously initiated litigation against Lauricia. *Id.* at 247-48. Those previous lawsuits involved claims legally and factually distinct from the later claims for which MicroStrategy sought arbitration. *Id.* at 250. Here, in contrast, the structural warranty claim is factually intertwined with the Forresters' other claims and, perhaps more importantly, is part of the lawsuit that Penn Lyon chose for two years to litigate in court rather than in arbitration.

### III.

For the foregoing reasons, the order of the district court is

*AFFIRMED*.