# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3252

_____

Trishia Hooper; Josephine Vaughan, &ast;

&ast;

Appellees, &ast;

&ast; Appeal from the United States

v. &ast; District Court for the

&ast; Western District of Missouri.

Advance America, Cash Advance &ast;

Centers of Missouri, Inc., &ast;

&ast;

Appellant. &ast;

_____

Submitted: October 22, 2009
Filed: December 16, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Litigation or arbitration? Patricia Hooper (Hooper)[1] and Josephine Vaughan (collectively, Plaintiffs) want to litigate a class action against their payday lender, Advance America, Cash Advance Centers of Missouri, Inc. (Advance America), in federal court. Advance America, invoking a clause in Plaintiffs' loans, wants to stay

_____

[1]Although the caption refers to Trishia Hooper, the parties and the record usually refer to Patricia Hooper.

all litigation and compel Plaintiffs to binding arbitration. The district court[2] held Advance America waived its right to arbitration when it filed an extensive motion to dismiss. We affirm.

## I.    BACKGROUND

Plaintiffs and Advance America entered into a series of payday loan agreements.[3] Each agreement contains a mandatory arbitration clause.

On March 10, 2008, Plaintiffs filed a seven-count, putative class-action complaint against Advance America. In Count I, Plaintiffs asked the district court to declare the loan agreements' arbitration clauses unconscionable and unenforceable under Missouri's Declaratory Judgment Act, Mo. Rev. Stat. § 527.010. In Counts II through VII, Plaintiffs alleged Advance America violated various provisions of Missouri's Merchandising Practices Act (MPA), Mo. Rev. Stat. §§ 407.010-407.1132, and payday loan law, Mo. Rev. Stat. §§ 408.500, 408.505, and 408.562. Plaintiffs complained Advance America was engaged in unfair, deceptive, and illegal lending practices to the detriment of its Missouri borrowers.

On April 30, 2008, Advance America moved to dismiss Plaintiffs' complaint. Advance America sought dismissal of Count I for want of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and Counts II through VII for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In the last sentence of its brief, Advance America purported to "reserve[] the right" to

---

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[3]The loans were unsecured but had high interest rates. For example, in June 2007, Advance America loaned $500 to Hooper. The annual percentage rate of the loan was 277.40%.

enforce the arbitration clauses in Plaintiffs' loan agreements, if the court denied its motion to dismiss.

Plaintiffs resisted Advance America's motion. Although the merits of the parties' arguments are largely irrelevant for present purposes, it bears mention that Advance America's motion was extensive and required the district court to navigate through uncharted territory in Missouri's consumer protection laws. As the district court would later observe, "[t]here is a dearth of case law on the issues" Advance America raised in its motion to dismiss.

On July 15, 2008, the district court granted in part and denied in part Advance America's motion to dismiss. The court dismissed Count I for lack of subject matter jurisdiction, but granted Plaintiffs leave to amend their complaint to assert an analogous claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The court further dismissed Count VII as surplusage, but declined to dismiss Counts II through VI. The district court held Advance America had not shown Counts II through VI failed to state claims upon which relief could be granted. Plaintiffs later amended their complaint to comply with the district court's order.

On August 1, 2008, Advance America filed a motion to stay litigation and compel arbitration (motion for arbitration). Plaintiffs filed a resistance in which they argued Advance America had waived its right to arbitration. Plaintiffs recalled Advance America had filed a motion to dismiss and the parties had made initial discovery disclosures.[4]

The district court denied Advance America's motion for arbitration. Applying the tripartite test set forth in Dumont v. Saskatchewan Gov't Ins., 258 F.3d 880 (8th

_____

[4]The record reveals the parties negotiated a proposed scheduling order and discovery plan, which the district court adopted with modification. See, e.g., Fed. R. Civ. P. 16(b) & 26(f).

Cir. 2001) and other cases, the district court found Advance America waived its right to arbitration because Plaintiffs had shown Advance America (1) knew it had a right to arbitration, (2) acted inconsistently with such right, and (3) prejudiced Plaintiffs. See id. at 886; Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co., 989 F.2d 966, 969 (8th Cir. 1993); Stifel, Nicolaus & Co. v. Freeman, 924 F.2d 157, 158 (8th Cir. 1991). Advance America appeals.

## II. DISCUSSION

### A. Jurisdiction

The district court had subject matter jurisdiction over this putative class action because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiffs are citizens of Missouri and Advance America is a Delaware corporation with its principal place of business in South Carolina. See 28 U.S.C. § 1332(d)(2)(A). Cf. Johnson v. Advance Am., 549 F.3d 932, 935-38 (4th Cir. 2008) (holding district court lacked jurisdiction under 28 U.S.C. § 1332(d)(2)(A) absent minimal diversity between the parties). The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-307, grants us jurisdiction over Advance America's interlocutory appeal. See 9 U.S.C. § 16(a)(1); Indus. Wire Prods., Inc. v. Costco Wholesale Corp., 576 F.3d 516, 518 (8th Cir. 2009) (declaring "[a]n order denying a motion to compel arbitration is immediately appealable under the [FAA]").

### B. Standard of Review

"We review de novo the legal determination of waiver but examine the factual findings underlying that ruling for clear error." Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007) (citations omitted). "'[I]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration.'" Id. (quoting Dumont, 258 F.3d at 886).

## C.     Analysis

As the district court correctly observed, we routinely apply a tripartite test to determine whether a party has waived its right to arbitration.  We find waiver when the party "(1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions."  Dumont, 258 F.3d at 886 (citing Ritzel, 989 F.2d at 969).  We now apply this test to the record before us.

### 1.     Knowledge

Advance America does not squarely dispute the district court's finding that Advance America knew of its right to arbitration when Advance America filed its motion to dismiss.[5]  In any event, we find no reason to disturb the district court's finding.  Plaintiffs attached the arbitration clauses to their complaint.  Advance America drafted the arbitration clauses and discussed them in its motion to dismiss.

### 2.     Inconsistent Action

The district court found Advance America acted inconsistently with its right to arbitration when it filed its motion to dismiss before its motion for arbitration.  The district court noted the motion to dismiss was extensive and asked for judgment on the merits of Plaintiffs' claims, concluding Advance America "substantially invoked litigation machinery" before filing its motion for arbitration.

Advance America argues the district court erred in finding Advance America substantially invoked the litigation machinery and acted inconsistently with its right to arbitration.   Advance America emphasizes (1) Plaintiffs—not Advance America—initiated this litigation; (2) only three months elapsed between the filing of

_____

[5]In arguing its motion to dismiss is not inconsistent with its right to arbitration, Advance America maintains "there is no way [it] could have been *certain* of . . . its existing right to arbitration" until the district court "either dismissed or otherwise resolved Count I."  We discuss this argument in the next subsection.

Advance America's motion to dismiss and its motion for arbitration; (3) Advance America filed its motion for arbitration ten days after Plaintiffs amended their complaint; and (4) the parties did not engage in discovery or participate in any hearings.

"A party acts inconsistently with its right to arbitrate if the party 'substantially invokes the litigation machinery before asserting its arbitration right.'" Lewallen, 487 F.3d at 1090 (quoting Ritzel, 989 F.2d at 969). We agree with the district court. Advance America's motion to dismiss was extensive and exhaustive, and substantially invoked the litigation machinery. Advance America drew the district court's attention to multiple matters of first impression, asserted Plaintiffs failed to state claims upon which relief could be granted, and encouraged the district court to resolve the parties' entire dispute in Advance America's favor. See, e.g., id. at 1092 (holding a motion to dismiss for failure to state a claim, arguing the merits, substantially invoked the litigation machinery); Kelly v. Golden, 352 F.3d 344, 349-50 (8th Cir. 2003) (affirming district court's finding of waiver in part because the party asserting the right to arbitration had "consistently encouraged the district court to resolve the entire dispute"); Ritzel, 989 F.2d at 969 (stating the motion to dismiss for failure to state a claim "represent[ed] a substantial, active invocation of the litigation process" and supported a finding of waiver). In other words, Advance America sought a final decision from the district court upon the merits of the parties' dispute, see Federated Dep't Stores, Inc. v. Motie, 452 U.S. 394, 399 n.3 (1981) (noting a "dismissal for failure to state a claim" under Rule 12(b)(6) is a "judgment on the merits" (internal marks omitted)), even though a request to dispose of a case on the merits before reaching arbitration "is inconsistent with resolving the case through arbitration." Lewallen, 487 F.3d at 1092 (citation omitted); see also Petrol. Pipe Ams. Corp. v. Jindal Saw, Ltd., 575 F.3d 476, 480 (5th Cir. 2009) ("A party waives arbitration by seeking a decision on the merits before attempting to arbitrate.") (citation omitted); St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., 969 F.2d 585,

589 (7th Cir. 1992) ("Submitting a case to the district court for decision is not consistent with a desire to arbitrate.").

Not every motion to dismiss is inconsistent with the right to arbitration. See, e.g., Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004) (stating "it is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss") (citations omitted); Rush v. Oppenheimer & Co., 779 F.2d 885, 888 (2d Cir. 1985) (similar); see also Dumont, 258 F.3d at 886-87 (declining to find waiver where the party "took no action with respect to the merits of the case prior to the district court ordering arbitration," but rather "sought early dismissal . . . on jurisdictional and quasi-jurisdictional grounds"); Khan v. Parsons Global Servs., Ltd., 521 F.3d 421, 427 (D.C. Cir. 2008) (stating "a motion to dismiss may not be inconsistent with the intent to arbitrate, as where a party seeks the dismissal of a frivolous claim") (citations omitted); Sweater Bee by Banff, Ltd. v. Manhattan Indus., 754 F.2d 457, 463 (2d Cir. 1985) (recognizing a motion to dismiss may be necessary to sort out arbitrable and nonarbitrable claims). Motions to dismiss are not homogeneous. District courts should continue to consider the totality of the circumstances. See Ritzel, 989 F.2d at 971 ("Whether there is waiver depends on the particular facts before us.").

Advance America characterizes its motion to dismiss as merely seeking clarification. With some force, Advance America maintains it could not have known for certain Counts II through VII were arbitrable until the district court dismissed Count I. The problem with Advance America's argument is that its motion to dismiss sought more than clarification. Advance America did not, for example, file a motion to dismiss Count I for lack of jurisdiction and simultaneously move to compel arbitration on Counts II through VII pending the district court's ruling. See, e.g., Lewallen, 487 F.3d at 1091 (emphasizing that, "[t]o safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration'" (quoting

-7-

Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 391 (7th Cir. 1995)). Instead, Advance America sought a decision on the merits on Counts II through VII, an immediate and total victory in the parties' dispute. The district court correctly inferred, citing Cabinetree, that instead of merely seeking clarification, Advance America "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." Id. Advance America "wanted to play heads I win, tails you lose," which "is the worst possible reason" for failing to move for arbitration sooner than it did. Id.

### 3.    Prejudice

The district court found Advance America's inconsistent actions prejudiced Plaintiffs. The district court noted (1) Advance America waited over four-and-a-half months before filing its motion for arbitration; (2) Advance America's motion to dismiss forced Plaintiffs to brief fully a number of substantive issues; (3) Plaintiffs relied on the court's resulting order in drafting and filing an amended complaint; and (4) Advance America would presumably seek to reargue in arbitration the issues it lost in the district court's ruling on its motion to dismiss, i.e., "attempt to take a proverbial second bite at the apple."[6]

Advance America argues the district court erred in finding prejudice. Advance America reemphasizes the timing of its motion and reiterates the parties did not engage in discovery or participate in any hearings. Advance America opines "[t]he only cost [Plaintiffs] incurred was drafting a 15-page Opposition." Advance America suggests its motion to dismiss benefitted Plaintiffs insofar as the district court's subsequent ruling "allowed [Plaintiffs] to focus and strengthen their claims."

---

[6]In its thoughtful opinion, the district court also expressed concern that a ruling to the contrary would promote forum shopping and waste judicial resources. We share these concerns, but they do not control our analysis. We focus on the prejudice to Plaintiffs, not to the judiciary.

Advance America contends the final reservation sentence in its motion to dismiss provided Plaintiffs early notice that Advance America might seek arbitration.

We agree with the district court. Plaintiffs suffered prejudice. Although prejudice manifests itself in myriad ways, "[p]rejudice results when . . . parties . . . litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." Kelly, 352 F.3d at 349. See also Stifel, 924 F.2d at 159 ("Prejudice may result from . . . litigation of substantial issues going to the merits."). As previously indicated, Advance America's motion to dismiss forced Plaintiffs to litigate substantial issues on the merits.[7] Compelling arbitration presumably would require a duplication of effort insofar as Advance America in arbitration would reargue issues upon which the district court ruled. Cf. Lewallen, 487 F.3d at 1093 (determining the party asserting waiver "likely would incur duplicative expenses if forced to arbitrate issues that have already been presented to the courts"). Advance America's statement in its motion to dismiss—that it might seek arbitration if the district court denied its motion to dismiss—did not forestall the prejudice Plaintiffs suffered. A reservation of rights is not an assertion of rights. Cf. Dumont, 258 F.3d at 887 (declining to find waiver in part because the party affirmatively stated it would seek arbitration).

Advance America correctly identifies Plaintiffs suffered less—in terms of delay and cost—than other parties in whose favor we have found waiver of the right to arbitration. Cf. Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, L.L.C., No. 08-3448, 2009 WL 4545200, *3-*4 (8th Cir. Dec.7, 2009) (finding prejudice where the party asserting the right to arbitration waited thirteen months to seek arbitration, filed and pursued a motion for judgments on the pleadings, and

---

[7]In this respect there is overlap between the second and third prongs of our tripartite analysis, at least as applied to the facts of the case at bar. See Petrol. Pipe, 575 F.3d at 480 n.2 (recognizing overlap and citing Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1158 (5th Cir. 1986)).

responded and objected to requests for production of documents); <u>Lewallen</u>, 487 F.3d at 1090, 1093-94 (finding prejudice where the party asserting a right to arbitration waited eleven months to seek arbitration, prepared, served and responded to extensive discovery requests, and participated in six pretrial hearings); <u>Ritzel</u>, 989 F.2d at 971 (finding prejudice where the party asserting a right to arbitration "fully tried its case"). The prejudice threshold, however, is not onerous. <u>See</u>, <u>e.g.</u>, <u>Cabinetree</u>, 50 F.3d at 390 (stating "[o]ther courts require evidence of prejudice—but not much").[8] It is sufficient Advance America forced Plaintiffs to litigate substantial issues on the merits, and compelling arbitration would require a duplication of effort, <u>see</u> <u>Kelly</u>, 352 F.3d at 350, because "[a]n arbitration provision . . . does not go so far as to 'allow or encourage the parties to proceed . . . sequentially, in multiple forums.'" <u>Lewallen</u>, 487 F.3d at 1092 (quoting <u>Cabinetree</u>, 50 F.3d at 390).

### D.    Summary

Experienced trial lawyers "know how important it is to settle on a forum at the earliest possible opportunity," and Advance America's "failure . . . to move promptly for arbitration is powerful evidence that [it] made [its] election—against arbitration." <u>Cabinetree</u>, 50 F.3d at 391. Plaintiffs have shown Advance America knew of its

---

[8] There remains a circuit split as to whether the party asserting waiver of a right to arbitration must demonstrate prejudice at all. <u>Compare</u> <u>Petrol. Pipe</u>, 575 F.3d at 480 (requiring prejudice); <u>United States v. Park Place Assocs., Ltd.</u>, 563 F.3d 907, 921 (9th Cir. 2009) (same); <u>Crossville Med. Oncology, P.C. v. Glenwood Sys., L.L.C.</u>, 310 F. App'x 858, 859 (6th Cir. 2009) (same); <u>Forrester v. Penn Lyon Homes, Inc.</u>, 553 F.3d 340, 343 (4th Cir. 2009) (same); <u>Zimmer v. CooperNeff Advisors, Inc.</u>, 523 F.3d 224, 231 (3d Cir. 2008) (same); <u>In re Tyco Int'l Ltd. Secs. Litig.</u>, 422 F.3d 41, 46 (1st Cir. 2005) (requiring "a modicum of prejudice"); <u>Thyssen, Inc. v. Calypso Shipping Corp.</u>, 310 F.3d 102, 105 (2d Cir. 2002) (requiring prejudice); <u>Ivax Corp. v. B. Braun of Am., Inc.</u>, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (same); <u>and</u> <u>Adams v. Merrill Lynch, Pierce, Fenner & Smith</u>, 888 F.2d 696, 701 (10th Cir. 1989) (requiring "substantial prejudice"), <u>with</u> <u>Khan</u>, 521 F.3d at 425 (stating prejudice is not required), and <u>Cabinetree</u>, 50 F.3d at 390 (same).

existing right to arbitration, acted inconsistently with that right, and prejudiced Plaintiffs by Advance America's inconsistent actions. See Dumont, 258 F.3d at 886. Therefore, we hold Advance America waived its right to arbitration when it filed and pursued its motion to dismiss.

## III.   CONCLUSION

We affirm the district court's well-reasoned order denying Advance America's motion for arbitration.

_____