**Blanca RUIZ, Plaintiff–Appellant,**

v.

**Patrick R. DONAHOE, Postmaster General, United States Postal Service (Southwest Area) Agency, Defendant–Appellee.**

No. 12–11008.

United States Court of Appeals,
Fifth Circuit.

April 8, 2015.

---

Susan Lyons Kerr, Attorney, Law Office of Susan L. Kerr, Dallas, TX, for Plaintiff–Appellant.

Sydney Foster, Alice Lucille Covington, Attorney, Marleigh D. Dover, Assistant Director, U.S. Department of Justice, Washington, DC, Terry J. Johnson, Esq., U.S. Attorney's Office, Dallas, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

### ON PETITION FOR REHEARING

PRISCILLA R. OWEN, Circuit Judge:

IT IS ORDERED that the petition for rehearing of Patrick R. Donahoe, Postmaster General, is DENIED.

We previously held the district court erred in dismissing the case for lack of subject-matter jurisdiction and remanded to the district court for a determination regarding Blanca Ruiz's placement in an administrative class action.[1] In his petition for rehearing, Donahoe argues, for the first time, that the collective bargaining agreement (CBA) governing Ruiz's employment bars litigation of her claims, and thus, the court is deprived of subject-matter jurisdiction. Although Donahoe failed to present this argument prior to filing his petition for rehearing, he argues that because it is an issue of subject-matter jurisdiction, he did not waive it. We disagree.

Donahoe relies on *Gilbert v. Donahoe* as support for his jurisdictional argument.[2] Gilbert, a Postal Service employee, brought claims under the Rehabilitation Act in district court.[3] Donahoe moved the district court to dismiss for lack of subject-matter jurisdiction, arguing that the CBA

---

1. *Ruiz v. Donahoe,* 569 Fed.Appx. 207, 208, 212 (5th Cir.2014) (per curiam).

2. 751 F.3d 303 (5th Cir.2014).

3. *Id.* at 306.

governing Gilbert's employment established the "mandatory grievance procedure [a]s the exclusive method of resolving [Gilbert's] claims," and accordingly that "Gilbert could not bring her claims in federal court."[4] The district court agreed and dismissed the case for lack of subject-matter jurisdiction.[5] On appeal, this court held that Gilbert's CBA sufficiently incorporated the Rehabilitation Act and thus, "require[d] Gilbert to pursue her Rehabilitation Act claims through the specified grievance and arbitration procedures."[6] This court affirmed the district court's dismissal of Gilbert's Rehabilitation Act claims.[7]

██ Although in *Gilbert* we spoke in terms of subject-matter jurisdiction, we used the term imprecisely. "Because the consequences that attach to the jurisdictional label may be so drastic," the Supreme Court has cautioned courts to use the term "jurisdictional" only when discussing subject-matter or personal jurisdiction.[8] The Supreme Court has explained that "[s]ubject-matter jurisdiction properly comprehended ... refers to a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.' "[9] Conversely, mandatory grievance and arbitration procedures in contracts, such as the CBA in *Gilbert,*[10] are waivable and do not affect this court's subject-matter jurisdiction.[11] If a dispute is subject to mandatory grievance and arbitration procedures, then the proper course of action is usually to stay the proceedings pending arbitration.[12] However, a dismissal may be ap-

**4.** *Id.*

**5.** *Id.*

**6.** *Id.* at 310.

**7.** *Id.* at 306, 313.

**8.** *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) (citing *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 159–63, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010) and *Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)).

**9.** *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment,* 558 U.S. 67, 81, 130 S.Ct. 584, 175 L.Ed.2d 428 (2009) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)).

**10.** *Cf. United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) ("It is true that respondent's underlying claim against his employer is based on the collective-bargaining agreement, a contract."); *Smith v. Kerrville Bus Co.,* 799 F.2d 1079, 1081 (5th Cir.1986) ("[T]he interpretation of a collective bargaining agreement, as with any contract, is typically a question of law.").

**11.** *MC Asset Recovery LLC ex rel. Mirant Corp. v. Castex Energy, Inc. (In re Mirant Corp.),* 613 F.3d 584, 588–92 (5th Cir.2010); *see also, e.g., La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 626 F.3d 156, 159 (2d Cir.2010); *Nino v. Jewelry Exchange, Inc.,* 609 F.3d 191, 208 (3d Cir.2010); *Hill v. Ricoh Ams. Corp.,* 603 F.3d 766, 772–75 (10th Cir.2010); *United States v. Park Place Assocs.,* 563 F.3d 907, 921 (9th Cir.2009); *Hooper v. Advance Am., Cash Advance Ctrs., Inc.,* 589 F.3d 917, 920 (8th Cir.2009); *Khan v. Parsons Global Servs., Ltd.,* 521 F.3d 421, 424–25 (D.C.Cir.2008); *Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 11–12 (1st Cir. 2005); *Sharif v. Wellness Int'l Network, Ltd.,* 376 F.3d 720, 726 (7th Cir.2004); *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat,* 289 F.3d 434, 438 (6th Cir.2002); *Ivax Corp. v. B. Braun of Am., Inc.,* 286 F.3d 1309, 1315–16 (11th Cir.2002); *MicroStrategy, Inc. v. Lauricia,* 268 F.3d 244, 249–50 (4th Cir. 2001).

**12.** *See Williams v. Cigna Fin. Advisors, Inc.,* 56 F.3d 656, 658–59, 662 (5th Cir.1995); *see also* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending ... shall on application of one of the parties stay the trial of the action until such

propriate "when *all* of the issues raised in the district court must be submitted to arbitration."[13] In any event, agreements to arbitrate implicate forum selection and claims-processing rules not subject matter jurisdiction.[14]

Donahoe has waived his argument regarding the CBA's mandatory grievance and arbitration procedures by failing to raise it before the district court or this court prior to the present petition for rehearing.[15]

For these reasons, the petition for rehearing is DENIED.

---

arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.").

**13.** *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992); *see also Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n. 1 (5th Cir.2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when *all* of the issues raised in the district court must be submitted to arbitration.' " (quoting *Alford*, 975 F.2d at 1164)).

**14.** *Cf. BG Grp. PLC v. Republic of Argentina*, —— U.S. ——, 134 S.Ct. 1198, 1206–08, 188 L.Ed.2d 220 (2014); *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause. . . .").

**15.** *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir.2009) ("[A] party waives any argument that it fails to brief on appeal." (citing Fed. R.App. P. 28(a)(9)(A) and *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n. 1 (5th Cir.2004))); *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009) ("Under this Circuit's general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.' " (quoting *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 916 (5th Cir.1996) (per curiam))).