# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11237
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

DONALD MILES,

>Plaintiff - Appellee

v.

HSC-HOPSON SERVICES COMPANY, INCORPORATED; DANNIS
HOPSON,

>Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1388

Before REAVLEY, DENNIS and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Donald Miles brought claims under the Fair Labor Standards Act against defendants HSC-Hopson Services Company and its owner, Dannis Hopson. After a jury trial, a verdict was returned for Miles in the amount of $32,265. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11237

## FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, Donald Miles worked from 2005 to 2013 as a plumber for HSC-Hopson Services Company, a 24-hour plumbing business located in Dallas County, Texas.

In April 2013, Miles sued the defendants in the United States District Court for the Northern District of Texas for violations of the Fair Labor Standards Act ("FLSA"). In September 2014, the case was tried to a jury. At trial, Miles presented evidence that HSC had not paid him all of the overtime wages he was owed. He testified that even though he was directed to arrive at the shop at 7:30 a.m. to load the work truck and receive his first assignment, he was not paid for the time between 7:30 a.m. and 8:00 a.m. Miles also testified that he was not paid for the time after his last job of the day was finished, even though he would then need to drive the work truck back to the shop, unload the equipment, and lock everything up. Office manager Gwen Davis testified that Hopson sometimes directed her to take time off of employees' timecards if they were late to work. It was not uncommon for Hopson to require Davis to take 30 minutes off a timecard if the employee was five minutes late. She also testified that Hopson would direct her to take time off of an employee's timecard for lunch, even if the employee had not indicated on the timecard that he had taken a lunch break.

Hopson testified that employees were to report to work by 7:30 a.m. but were not paid for the half-hour between 7:30 a.m. and 8:00 a.m. He also testified that it was company policy that employees were not paid past the time they finished the last job of the day. Hopson testified that he used a GPS to track the location of his employees; if he disagreed with the time indicated on a timecard for when an employee left the last jobsite, he would direct that the timecard be changed or change it himself. As to compliance with the FLSA,

No. 14-11237

Hopson testified that he went to an "E-law" website and determined his conduct complied with FLSA guidelines. He did not consult with a lawyer or contact the Department of Labor prior to the lawsuit being filed.

The jury found that the defendants had willfully failed to pay Miles overtime wages. It awarded $16,132.50 in actual damages and an equal amount in liquidated damages, for a total of $32,265.00. The defendants timely appealed.

## DISCUSSION

Hopson and HSC raise four issues on appeal. They contend that the district court erred in (1) not allowing supplemental witnesses; (2) not allowing witness Tamara Hopson Walton to testify; (3) allowing an additional jury instruction; and (4) denying the post-judgment motions.

*I. The district court's exclusion of supplemental witnesses*

We review a district court's decision to exclude witness testimony for abuse of discretion. *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 277 (5th Cir. 2009). At least 30 days before trial, unless otherwise ordered by the district court, a party must provide the name, address, and telephone number of each witness it may call at trial. FED. R. CIV. P. 26(a)(3)(A)(i) and (B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

At a pretrial hearing less than a week before trial, the defendants requested the addition of two witnesses. The witnesses were HSC employees. When the district court asked defense counsel why the request was being made after the discovery deadline, counsel explained that he had "talked more in

3

depth" with Hopson and "gotten more critical information from him," and "[t]hat's when the information came out."    As to what information the witnesses would provide, defense counsel stated that they could offer testimony about timekeeping practices and the perspective of a current employee.  Miles objected, arguing that the witnesses' testimony would be cumulative and that the notice was late.  The district court denied the defendants' request.  It noted that Miles's counsel was "entitled to fair notice of who the potential fact witnesses in the case are, and fair notice is not the week before trial."

On appeal, the defendants argue that the excluded testimony would not have been cumulative because the witnesses would have testified to "things such as, Miles['s] relationship with Hopson, their experience working with Miles . . . [and] valuable timekeeping practices and procedures of the company from an employee's perspective . . . . "  Also, due to the exclusion, the defendants were "unable to contradict the testimony of Miles and Gwen Davis."  The defendants also argue that Miles was not prejudiced by the late request because he did not conduct any depositions and therefore it is unlikely he would have deposed the two supplemental witnesses.

"In performing a Rule 37(c)(1) harmless error analysis . . . this court looks to four factors:  (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."  *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (citation and quotation omitted).

Based on these factors, we conclude that the district court did not abuse its discretion in excluding the witnesses.  As to the first factor, the defendants argue that the witnesses' testimony would not have been cumulative, but do not state how it would have differed from the testimony at trial.  They do not

contend, for example, that the witnesses had personal knowledge of whether Miles was paid for the hours he worked. The defendants also argue that the witnesses would have contradicted Davis's testimony but do not state how. Neither do they explain how testimony regarding Miles's relationship to Hopson would be relevant. As to the third factor, the defendants did not request a continuance at the pretrial hearing. Regarding the fourth factor, defense counsel's failure to learn of the two witnesses because he did not speak to his client earlier does not justify the late request for supplementation. A district court does not abuse its discretion where it "refus[es] to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997). The fourth factor arguably weighs in the defendants' favor as Miles did not perform any depositions. It is unknown, though, whether Miles would have deposed the additional witnesses if the notice was given at an earlier date. The district court did not abuse its discretion in excluding the defendants' supplemental witnesses.

## II.     *The district court's exclusion of Tamara Hopson Walton*

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." FED. R. EVID. 615. "This Court reviews a district court's compliance with Rule 615 for abuse of discretion, and we will reverse only if [the appellant] can demonstrate prejudice." *United States v. Green*, 324 F.3d 375, 380 (5th Cir. 2003).

On the first day of trial, the defendants invoked Rule 615. Tamara Hopson Walton, Hopson's daughter and a witness for the defense, was in the courtroom. The district court said that "Ms. Walton will be excluded during the testimony, except for her own testimony . . ." and told the attorneys that they needed to "keep track of this[.]" The court also addressed Walton directly,

stating, "Ms. Walton, when I excuse you, then you have to sit outside." She answered, "Okay." After three recesses and a lunch break – while the defense was cross-examining Miles – the court noticed that Walton was still in the courtroom. Counsel was ordered to approach the bench. Defense counsel told the court that it did not realize Walton was in the courtroom. Miles's counsel moved to strike the witness. The court ruled that Walton could not testify.

The defendants argue on appeal that the district court's penalty was too harsh because defense counsel did not notice Walton's presence. Further, the defendants contend that because Walton was going to testify as to office and timecard procedures and attack Davis's credibility, anything Walton heard from Miles would not have tainted her testimony.

Even assuming it was error to exclude Walton's testimony, and we do not hold that it was, the defendants have not established prejudice. They do not state how Walton's testimony on timekeeping procedures would have differed from the testimony presented at trial. Neither do they state how Walton's testimony would have discredited Davis. The district court's decision to exclude Walton was not reversible error.

## III.    *The district court's inclusion of an additional jury instruction*

We review challenges to jury instructions for abuse of discretion. *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 293 (5th Cir. 2002). Discretion will be abused "only if the charge as a whole is not a correct statement of the law and does not clearly instruct the jurors regarding the legal principles applicable to the factual issues before them." *Id.* (citation omitted). "After the close of the evidence, a party may . . . with the court's permission, file untimely requests for instructions on any issue." FED. R. CIV. P. 51(a)(2)(B).

No. 14-11237

Before the court began to instruct the jury, Miles's counsel asked for an additional jury instruction. The district court allowed it. The defendants argue that they were prejudiced by this decision but do not explain how.[1] Miles responds that his submission of the instruction complied with Rule 51 and that it was an accurate statement of the law.

Miles complied with Rule 51. He requested the instruction be given to the jury, which the court allowed, and the instruction was given before the jury was discharged. Further, the defendants do not argue that the instruction was an inaccurate statement of the law. Thus, they have waived the issue on appeal. *See Ruiz v. Donahoe*, 784 F.3d 247, 250 n.15 (5th Cir. 2015). The decision of the district court to allow the additional jury instruction was not an abuse of discretion.

IV.    *The district court's denial of the defendants' post-judgment motions*

Where "a party fails to move for judgment as a matter of law under Rule 50(a) on an issue at the conclusion of all the evidence," that issue is reviewed on appeal for plain error. *Md. Cas. Co. v. Acceptance Indem. Ins. Co.*, 639 F.3d

---

[1] The jury instruction read: "Where an employee is required to report to a designated meeting place to receive instructions before he proceeds to another work place (such as a jobsite), the start of the workday is triggered at the designated meeting place, and subsequent travel is part of the day's work and must be counted as hours worked for the purposes of the FLSA." This comports with 29 C.F.R. § 785.38, which states in part:

> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time.

701, 707-08 (5th Cir. 2011) (citation omitted).  Such review looks simply to "whether there was *any* evidence to support the jury verdict."  *Id.* at 708 (citation omitted).  With respect to the defendants' motion for a new trial and motion for remittitur, the district court's denial of both is reviewed for abuse of discretion.  *See Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003).  "There is no abuse of discretion unless there is a complete absence of evidence to support the verdict."  *Id.* (citation, quotation, and alteration omitted).

The defendants did not move for judgment as a matter of law at the close of evidence.  After the verdict, the defendants filed a "Motion for Judgment as a Matter of Law and in the alternative a Motion for New Trial and a Motion for Remittitur," which the district court summarily denied.  On appeal, the defendants contend that the district court erred in denying their motion because the jury's verdict was "against the weight of the evidence." They further argue that the trial was "not fair" because Hopson "met his burden to show that he kept good payroll records" and that "he acted in good faith reliance on U.S. Department of Labor regulations to comply with the FLSA." The defendants request remand to the district court for a new trial.

Under the applicable standard of review, in order for the defendants to overturn the district court's denial of their post-judgment motions, they must show that there was no evidence to support the jury's verdict.  The evidence, though, included Miles's timecards and his testimony that he had not been paid for all the overtime hours worked.  Hopson testified that he expected his workers to arrive at work at 7:30 a.m. but did not pay them until 8:00 a.m., and that he did not pay his employees past the completion of the last job of the day.  As to the jury's finding that Hopson's conduct was willful, an FLSA violation is willful "if the employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of*

No. 14-11237

*Waco*, 324 F.3d 813, 821 (5th Cir. 2003) (citation and quotation omitted). Hopson testified that he did not consult an attorney or the Department of Labor. Instead, he went to an "E-law" website. There was also testimony that Hopson arbitrarily reduced work time and did not pay for certain time worked. This evidence supports the jury's verdict that Hopson's conduct was willful for purposes of an FLSA violation.

AFFIRMED.