**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1305

SZY HOLDINGS, LLC; FARFROMBORINGPROMOTIONS.COM, LLC,

Plaintiffs – Appellees,

v.

RICO GARCIA; HAMSA HOLDINGS, LLC,

Defendants – Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:20-cv-01475-MSN-JFA)

Argued:  March 19, 2024                                 Decided:  August 29, 2024

Before WYNN and BENJAMIN, Circuit Judges, and Joseph DAWSON, III, United States District Judge for the District of South Carolina, sitting by designation.

Reversed and remanded by unpublished opinion.  Judge Benjamin wrote the opinion, in which Judge Wynn and Judge Dawson joined.

**ARGUED:**  Matthew J. Peed, CLINTON & PEED, Washington, D.C., for Appellants.  Robert C. Gill, II, SAUL EWING LLP, Washington, D.C., for Appellees.  **ON BRIEF:**  Ian McLin, SAUL EWING LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

DEANDREA GIST BENJAMIN, Circuit Judge:

In this interlocutory appeal, Appellants challenge the district court's denial of their motion to stay court proceedings and compel arbitration. *See* 9 U.S.C. § 16(a). The district court held that Appellants defaulted—or waived—their arbitration right by waiting over nine months after they were sued to move to compel arbitration. We disagree. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

## I.

### A.

This case involves a series of contractual relationships.[1] At the beginning of the COVID-19 pandemic, FarFromBoringPromotions.com, LLC ("FFB") contracted with IPF Sourcing LLC ("IPF") to purchase hand sanitizer pursuant to several agreements (the "Agreements"). IPF agreed to source manufacturers from a list approved by FFB (the "Approved Manufacturers"), oversee the production and manufacturing process, and supply FFB with the hand sanitizer.



---

[1] We recite the facts as alleged in the complaint. *See Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC*, 993 F.3d 253, 257 (4th Cir. 2021) ("[I]n reviewing the district court's denial of a motion to compel arbitration, we accept as true the allegations . . . that relate to the underlying dispute between the parties." (internal quotation marks omitted)).

Then, FFB assigned its rights under the Agreements to SZY Holdings, LLC ("SZY"), which financed IPF's production costs. SZY provided $5,201,146.40 in escrow funds to a law firm recommended by IPF, which would handle IPF's payments to the Approved Manufacturers.



Meanwhile, IPF entered into an agreement with Botani Labs, LLC ("Botani") for $2,493,750 worth of hand sanitizer (the "Botani-IPF Agreement"). Botani, which was not an Approved Manufacturer, agreed to manufacture or source hand sanitizer for IPF. IPF intended to use that hand sanitizer to partially perform its obligations to SZY.



To satisfy its duties under the Botani-IPF Agreement, IPF instructed the law firm holding SZY's $5,201,146.40 to wire $2,493,750 to Botani.

3

B.

Critical here, the Botani-IPF Agreement includes a binding arbitration clause: "[t]he parties agree that any dispute or claim arising from the purchase and/or use of the product will be resolved by binding arbitration." J.A. 98. Therefore, when a conflict arose, Botani and IPF commenced arbitration (the "Botani-IPF Arbitration"), in which Botani's principal and sole member, Rico Garcia, participated.

During the proceedings, IPF obtained documents showing that Garcia created yet another entity—Hamsa Holdings, LLC ("Hamsa")—shortly after Botani received SZY's funds. Garcia, also the sole member of Hamsa, transferred nearly all of SZY's funds from Botani's account into an account in Hamsa's name. According to a complaint later filed by SZY and FFB, "Garcia never had any intention of causing Botani . . . to perform under the Botani-IPF Agreement." Id. at 69. Rather, he planned "to convert, abscond with and steal" SZY's money. Id.

When the arbitration concluded, the tribunal found that Botani breached the Botani-IPF Agreement.

C.

In November 2021, SZY and its predecessor-in-interest, FFB ("Appellees"), sued Garcia and Hamsa ("Appellants") for fraud and unjust enrichment.[2] Appellees attempted to serve Appellants by mail, but Appellants failed to respond. The district court entered an order of default judgment against Appellants in March 2022, and in April, Appellants

---

[2] Appellees also sued IPF for breach of contract but then settled the dispute.

4

moved to set aside the default judgment. They argued that they were never properly served, so the default was unwarranted. In any event, they contended that (1) the court lacked personal jurisdiction over them; (2) the proper venue was arbitration pursuant to the Botani-IPF Agreement; and (3) Appellees failed to state a claim against them.

After a hearing, the court set aside the default judgment. Appellees filed an amended complaint against Appellants, which asserted claims of fraudulent conveyance (rather than fraud) and unjust enrichment. In June 2022, Appellants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) "for lack of personal jurisdiction, preemption by a binding arbitration agreement, and failure to state a claim." *Id.* at 76. At a hearing on the motion, counsel for Appellants "ask[ed] for two things effectively, and the first [was] that [the] matter be sent to arbitration." Appellees' Br., Ex. A at 6.

The court denied the motion in August 2022. About a week later, Appellants moved for reconsideration or in the alternative to compel arbitration. The court denied both motions, finding in relevant part that Appellants waived their arbitration right. *SZY Holdings, LLC v. Garcia*, No: 1:20-cv-01475-MSN-JFA, 2023 WL 2385607, at *1, 6 (E.D. Va. Mar. 6, 2023). The court reasoned that although Appellants were sued in November 2021, they did not move to compel arbitration until August 2022, more than nine months later. *Id.*

Appellants timely appealed the denial of their motion to compel arbitration. *See* 9 U.S.C. § 16(a) (allowing an interlocutory appeal from the denial of a motion to compel arbitration). We review the district court's decision de novo and accept the underlying

5

factual allegations as true.  *Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC*, 993 F.3d 253, 257 (4th Cir. 2021).

## II.

The Federal Arbitration Act (FAA) "governs the rights and responsibilities of the parties with respect to an arbitration agreement."  *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 342 (4th Cir. 2009).  Section 3 of the FAA "provides that a court must stay litigation upon being satisfied that the issue is referable to arbitration under the agreement," so long as "the applicant for the stay is not in default in proceeding with such arbitration." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019) (citation omitted); 9 U.S.C. § 3.

## A.

We first consider whether Appellants defaulted—or waived—their purported arbitration right.  Until recently, a party in this circuit waived its arbitration right "by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay."  *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985).  Such a "default occur[ed] when a party actively participat[ed] in a lawsuit or [took] other action inconsistent with the right to arbitration." *In re Mercury Constr. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981) (internal quotation marks omitted), *aff'd sub nom. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

6

In *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), however, the Supreme Court struck down the prejudice requirement. 596 U.S. at 419. The Court clarified that waiver in the arbitration context, like waiver generally, is simply "the intentional relinquishment or abandonment of a known right." *Id.* at 417 (citation & internal quotation marks omitted). The relevant question, then, is whether the party requesting arbitration "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *Id.* at 419. Here, the answer is no.

First, there is little question that Appellants knew of the right to arbitrate. Garcia is the only member of both Botani and Hamsa. Under the Botani-IPF Agreement, Botani contracted to resolve "any dispute or claim arising from the purchase and/or use of the [hand sanitizer] . . . by binding arbitration." J.A. 98. Therefore, Appellants were aware of—indeed, contracted for—the arbitration right.

Second, however, Appellants did not knowingly relinquish their arbitration right by acting inconsistently with it. True, they waited more than nine months after they were sued to move to compel arbitration. *See* J.A. 261. But "[w]e give little significance to the failure . . . to file a formal demand for arbitration" when the party invoking that right "persisted in its claim" for arbitration. *Maxum Founds., Inc.*, 779 F.2d at 983. Here, Appellants consistently requested arbitration before formally moving to compel it. *See* J.A. 24 (arguing that "the proper venue for such claims would be in arbitration"); *id.* at 76 (arguing for "preemption by a binding arbitration agreement"); Appellees' Br., Ex. A at 6 (asking "for two things effectively, and the first is that this matter be sent to arbitration"). Such

7

persistence is not indicative of a party that "intentional[ly] relinquish[ed] or abandon[ed] . . . a known right."  *Morgan*, 596 U.S. at 417.

B.

We next consider whether the dispute is "referable to arbitration" in the first place. 9 U.S.C. § 3.  Recall that neither Appellants nor Appellees are parties to the Botani-IPF Agreement, which includes the arbitration clause.  But even as nonparties, Appellants may be able to enforce that clause.  *See Rogers v. Tug Hill Operating, LLC*, 76 F.4th 279, 286 (4th Cir. 2023) (noting that a contract can "be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel" and that "those who are not parties to a written arbitration agreement may be eligible for relief under the FAA." (internal quotation marks omitted)).

The district court, however, did not address this threshold question.  It simply noted that Appellees "do not argue that the [Botani-IPF Agreement] containing the arbitration clause does not apply to cover the dispute here.  Rather, [they] only argue that [Appellants] are in default of any purported right to arbitrate because they have been delinquent in moving to compel arbitration."  J.A. 259.

Because Appellants are *not* in default of their claimed arbitration right, we remand with instructions for the district court to determine whether the dispute is "referable to arbitration."  9 U.S.C. § 3;  *see also Henry Schein, Inc.*, 586 U.S. at 69 ("[B]efore referring

8

a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists.").

## III.

We hold that Appellants did not waive any arbitration right and therefore may be eligible for a stay under FAA § 3. Accordingly, we reverse the judgment of the district court and remand with instructions to determine whether the dispute is referable to arbitration.

*REVERSED AND REMANDED*