# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11008

BLANCA RUIZ,

Plaintiff–Appellant,

v.

PATRICK R. DONAHOE, Postmaster General, United States Postal Service (Southwest Area) Agency,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2072

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Blanca Ruiz filed an administrative complaint alleging disability discrimination by the United States Postal Service. After the Postal Service and the EEOC both decided to subsume her case in a pending administrative class action, Ruiz brought this suit in federal district court against the Postmaster General. The magistrate judge dismissed Ruiz's case without prejudice for lack of subject matter jurisdiction, holding that Ruiz had failed to exhaust her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2014

Lyle W. Cayce
Clerk

No. 12-11008

administrative remedies on the merits of her disability discrimination claim. Ruiz now appeals. Because the magistrate judge dismissed Ruiz's case without addressing her challenge to being included in the class action, we reverse the dismissal and remand for further proceedings.

**I**

Ruiz began working as a clerk for the Postal Service in 1990. Ruiz suffered from two medical limitations: she was born with a hearing impairment and was also diagnosed with carpal tunnel syndrome, a work-related injury, in 1994. After the carpal tunnel syndrome diagnosis, Ruiz was reassigned to a modified position that she could perform despite these medical limitations.

Sometime in 2010, the National Reassessment Program (NRP), a program developed to standardize the procedures for assigning work to injured-on-duty Postal Service employees, evaluated Ruiz and determined she should be moved to a different position. Ruiz was then offered a position working at the front desk of a different facility and began a one-week "tryout" period working in that position. Because of Ruiz's hearing impairment, she was unable to perform some of the tasks required of her new position. As a result, the job offer to work at the front desk was retracted on September 22, 2010. That same day, she was given a letter from the NRP indicating that based on its search, it was unable to identify any available tasks that could be performed with her medical limitations and that she should not report back to work unless contacted.

Ruiz then filed a complaint with the Equal Employment Opportunity (EEO) division of the Postal Service, alleging the Postal Service discriminated against her on the basis of her disability by denying her reasonable accommodation. The Postal Service decided to subsume Ruiz's individual complaint into the *McConnell* class action, a pending administrative class action defined as "all permanent rehabilitation employees and limited-duty employees at the [Postal Service] who have been subjected to the [NRP] from May 5, 2006

No. 12-11008

to present, allegedly in violation of [the Rehabilitation Act]."[1] Ruiz appealed the Postal Service's decision to subsume her case to the EEOC. On May 18, 2011, the EEOC affirmed, concluding that Ruiz's disability discrimination claim was properly subsumed within the class action. The EEOC decision included notice of Ruiz's right to file a civil action within 90 days of receiving the decision.

Ruiz brought this suit against the Postmaster in federal district court on August 19, 2011, again alleging employment discrimination based on the Postal Service's denial of reasonable accommodation. Ruiz's amended complaint argued that the EEOC erred in subsuming her case in the *McConnell* class action since her case was "different from *McConnell*." "In view of the amended complaint," the district court denied without prejudice the Postmaster's motion to dismiss the original complaint and ordered the Postmaster to respond to the amended complaint.

The Postmaster then filed a motion to dismiss Ruiz's amended complaint on the basis that Ruiz failed to exhaust her administrative remedies on her disability discrimination claim since neither the Postal Service nor the EEOC reached the merits of her claim. The magistrate judge ultimately granted the motion to dismiss. In his May 21, 2012 order, the magistrate judge first acknowledged that a decision and right-to-sue letter had been issued by the EEOC in the case. The EEOC, however, did not reach the merits of Ruiz's disability discrimination claim and only affirmed the Postal Service's decision that Ruiz's case be subsumed within the *McConnell* class action, the magistrate judge explained. Because the EEOC had not reached the merits of Ruiz's claim, the magistrate judge held Ruiz had not exhausted her administrative remedies and that whatever right to sue Ruiz possessed "extend[ed] only to a civil action challenging the decision to include [Ruiz's] individual complaint in the

---

[1] *McConnell v. Potter*, EEOC Appeal No. 0720080054, 2010 WL 332083, at *1 (Jan. 14, 2010).

No. 12-11008

*McConnell* class action." The magistrate judge thus dismissed the case without prejudice for lack of subject matter jurisdiction. Ruiz moved for reconsideration and for leave to further amend her complaint, but the magistrate judge denied the motion in its entirety. Ruiz now appeals the May 21, 2012 order dismissing her case.

## II

We review a district court's grant of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction de novo.[2] "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[3] In considering a motion to dismiss, the district court must accept as true the allegations and facts set forth in the complaint and may consider matters of fact which may be in dispute.[4] The district court can therefore dismiss for lack of subject matter jurisdiction on the basis of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[5] Additionally, we review de novo a district court's determination that the plaintiff failed to exhaust her administrative remedies.[6]

## III

We first address the Postmaster's contention that Ruiz waived her challenge to the EEOC's decision to subsume her case within the *McConnell*

---

[2] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (citing *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011)).

[3] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

[4] *Choice Inc. of Tex.*, 691 F.3d at 714 (citing *Life Partners Inc.*, 650 F.3d at 1029; *Ramming*, 281 F.3d at 161).

[5] *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[6] *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

class by failing to raise the issue before the district court. "Generally, we do not consider issues on appeal that were not presented and argued before the lower court."[7]  Waiver of an issue on appeal for failure to raise it below adequately "generally will not apply when [an issue] fairly appears in the record as having been raised or decided."[8]

Ruiz adequately raised her challenge to being subsumed in the *McConnell* class before the district court and therefore did not waive the issue.  In Ruiz's amended complaint, Ruiz's argument on the class action issue was as follows:

III. Plaintiff's case is different from *McConnell*

> 10.    In the decision issued by [the] EEOC, the Commission concluded that [Ruiz's] formal complaint should be subsumed into the class action under *McConnell* because [Ruiz's] complaint was identical to the claims raised in *McConnell*. However, *McConnell* only involves NRP's dealing with employee[s'] work related injur[ies].  This case involves both [Ruiz's] work related injury, carpal tunnel syndrome and non work related injury, hearing impairment.

Ruiz also raised the class action issue in her response to the Postmaster's motion to dismiss her amended complaint.  There, she argued for two full pages that her claim that the Postal Service failed to accommodate her non-work-related hearing impairment was distinguishable from the *McConnell* class and thereby "simply not covered under *McConnell*."

Considering her amended complaint and her response to the motion to dismiss together, Ruiz sufficiently raised the class action issue, allowing the district court to recognize it as a disputed issue and rule on it.  Given that both

---

[7] *New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 387 (5th Cir. 2013) (en banc) (citing *Lampton v. Diaz*, 639 F.3d 223, 227 n.14 (5th Cir. 2011)).

[8] *Lampton*, 639 F.3d at 227 n.14 (alteration in original) (internal quotation marks and citation omitted).

the Postal Service and EEOC decided the class action issue—and only the class action issue—it was certainly no mystery what Ruiz was referring to when she argued that her case was different from the *McConnell* class.

The Postmaster, moreover, clearly recognized that Ruiz was challenging the EEOC decision to include her case in the class. In responding to Ruiz's amended complaint, the Postmaster noted, "Ruiz seems to challenge her placement in the *McConnell* class, concluding that *McConnell* only involves NRP's dealing with employee[s'] work related injury where her case involves both work related (carpal tunnel syndrome) and non work related injury (hearing impairment)." Likewise, in his second motion to dismiss, the Postmaster stated, "Ruiz also challenges her placement by the Postal Service in the *McConnell* class action" and she "alleges her case is different from *McConnell* and should not be subsumed in the class action under *McConnell* . . . ." Finally, in his reply to Ruiz's response to his second motion to dismiss, the Postmaster wrote, "Ruiz once again makes the claim that her complaint should not be subsumed on the basis that she was denied reasonable accommodation because of her non work related disability." The Postmaster thus repeatedly acknowledged Ruiz was challenging the class action issue and discussed the merits of whether subsuming Ruiz in the class was appropriate. Accordingly, the class action issue was certainly raised before the district court, and Ruiz did not waive the issue.

## IV

We next address whether the district court erred in dismissing for lack of subject matter jurisdiction, given that Ruiz challenged the EEOC's decision to subsume her case in the *McConnell* class. Ruiz brought suit under the Rehabilitation Act, which prohibits disability discrimination in federal

No. 12-11008

employment.[9] To file suit under the Rehabilitation Act in federal district court, federal employees must satisfy two requirements.[10] First, they must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency.[11] The exhaustion requirement is satisfied when either (1) the employee receives notice of final action taken by the agency or by the EEOC upon appeal from an agency decision, or (2) 180 days have passed from the filing of the administrative complaint or appeal thereof without final agency action.[12] Second, federal employees also must timely file their federal court complaints.[13] When the employee is challenging a final action taken by the agency or the EEOC, she must file the federal court action within 90 days of receiving the notice of final action.[14] Federal subject matter jurisdiction does not exist unless both of these requirements are met.[15]

Ruiz satisfied both requirements for bringing suit to challenge her inclusion in the *McConnell* class action. She filed a complaint with the EEO

---

[9] 29 U.S.C. § 794; *see Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (unpublished) (explaining that the Rehabilitation Act "constitutes the exclusive remedy for a federal employee alleging disability-based discrimination"); *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981) (recognizing that the Rehabilitation Act, as amended in 1978, provides individuals "a private cause of action to obtain relief for handicap discrimination on the part of the federal government and its agencies").

[10] *See Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990) (per curiam) (discussing Title VII of the Civil Rights Act of 1964); *Prewitt*, 662 F.2d at 304 (stating that the Rehabilitation Act established a private right of action subject to the same procedural constraints, including administrative exhaustion, as Title VII); *see also* 29 U.S.C. § 794a(a)(1) (providing that the Rehabilitation Act adopts the "remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16)").

[11] *See* 42 U.S.C. § 2000e-16(c); *Pacheco*, 448 F.3d at 788.

[12] 42 U.S.C. § 2000e-16(c).

[13] *Id.*; *Tolbert*, 916 F.2d at 247.

[14] 42 U.S.C. § 2000e-16(c).

[15] *Tolbert*, 916 F.2d at 247-48 (citations omitted).

division of the Postal Service; she appealed the Postal Service's decision to include her in the *McConnell* class; and the EEOC issued a final decision on her appeal on May 18, 2011. The EEOC's decision to subsume her case in the class mentioned her right to bring suit within 90 days of receiving the decision. On August 19, 2011, Ruiz filed her federal court complaint. Since the EEOC presumes its decision is received within 5 calendar days after it is mailed, Ruiz timely filed her federal court action within 90 days of when the EEOC presumed she received the decision (on May 23, 2011). Based on this sequence of events, Ruiz both fully exhausted her administrative remedies with respect to the class action issue, and also timely filed her federal court complaint raising the issue.

Because subject matter jurisdiction existed over Ruiz's challenge to the EEOC decision to subsume her case within the *McConnell* class, the magistrate judge erred by dismissing the case for lack of subject matter jurisdiction. Without addressing the class action issue at all, the magistrate judge dismissed the case based on Ruiz's failure to exhaust the *merits* of her disability discrimination claim. The entire action should not have been dismissed without first addressing whether Ruiz was properly subsumed within the *McConnell* class action. We therefore reverse the magistrate judge's order dismissing the case and remand to the magistrate judge to decide whether Ruiz was properly subsumed in the class.

\*     \*     \*

The judgment of the district court is REVERSED and the case remanded for further proceedings.