# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11061

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2017

Lyle W. Cayce
Clerk

BLANCA RUIZ,

    Plaintiff - Appellant

v.

MEAGAN BRENNAN, Postmaster General, United States Postal Service
(Southwest Area) Agency,

    Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before BARKSDALE, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Plaintiff-Appellant Blanca Ruiz filed an administrative complaint claiming disability discrimination by the United States Postal Service. After both the Postal Service and the Equal Employment Opportunity Commission (EEOC) determined that her case was subsumed within a pending administrative class action, Ruiz sued the Postmaster General. The magistrate judge initially dismissed Ruiz's case without prejudice for lack of subject matter jurisdiction, holding that Ruiz failed to exhaust her administrative remedies on the merits of her disability discrimination claim. This court reversed and remanded to the magistrate judge to decide whether Ruiz's claim

No. 16-11061

was properly subsumed within the class action.[1] On remand, the magistrate judge determined that Ruiz's claim was properly subsumed within the class action and dismissed Ruiz's case for failure to exhaust. Ruiz again appealed, and we now affirm.

I.

Ruiz began working as a clerk for the Postal Service in 1990. Ruiz was born with a hearing impairment, and she was also diagnosed with carpal tunnel syndrome, a work-related injury, in 1994. After the carpal-tunnel-syndrome diagnosis, Ruiz was reassigned to a modified position at the Postal Service that she could perform despite these medical limitations.

Sometime in 2010, Ruiz's modified-duty assignment was reviewed as part of the National Reassessment Process (NRP), a program developed to standardize the procedures for assigning work to injured-on-duty Postal Service employees. As part of the NRP, the Postal Service offered Ruiz a different position working at the front desk of a postal facility. The Postal Service told Ruiz to either accept the new position or provide updated medical information for a new modified assignment. Ruiz agreed to "try out" the new front-desk assignment. Because of her hearing impairment, Ruiz was unable to perform some of the tasks required of the new front-desk position. After only two days, on September 22, 2010, the Postal Service retracted Ruiz's job offer to work at the front desk because of her hearing impairment. That same day, Ruiz's supervisor notified her that the District Assessment Team had completed a search pursuant to NRP guidelines and was unable to identify any available tasks that Ruiz could perform with her medical limitations. Ruiz's supervisor told her not to report back to work unless contacted.

---

[1] Consistent with 28 U.S.C. § 636(c), the parties agreed to proceed before a magistrate judge.

2

No. 16-11061

Ruiz filed a complaint with the Equal Employment Opportunity division of the Postal Service, alleging that the Postal Service discriminated against her on the basis of her disability by denying her reasonable accommodation. The Postal Service determined that Ruiz's individual complaint was subsumed by a pending administrative class action, *McConnell v. Potter*, which alleged disability discrimination related to the NRP. *See* EEOC Appeal No. 0720080054, 2010 WL 332083, at *6, 10 (EEOC Jan. 14, 2010) (reversing final agency order rejecting certification of class). Ruiz appealed the Postal Service's decision to the EEOC. On May 18, 2011, the EEOC affirmed the Postal Service's decision, concluding that Ruiz's disability discrimination claims were properly subsumed within the *McConnell* class action. The EEOC decision included notice of Ruiz's right to file a civil action within 90 days of receiving the decision.

Ruiz sued the Postmaster on August 19, 2011, again alleging employment discrimination based on the Postal Service's denial of reasonable accommodation. In response to the Postmaster's motion to dismiss, Ruiz filed an amended complaint on November 11, 2011. Ruiz's amended complaint alleged that the EEOC erred in finding her case subsumed within the *McConnell* class action because her case is "different from *McConnell*." "In view of the amended complaint," the magistrate judge denied without prejudice the Postmaster's motion to dismiss the original complaint and ordered the Postmaster to respond to the amended complaint.

The Postmaster then moved to dismiss Ruiz's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Ruiz failed to exhaust her administrative remedies on her disability discrimination claim because neither the Postal Service nor the EEOC reached the merits of her claim. The magistrate judge granted that motion and dismissed the case without prejudice for lack of subject matter jurisdiction because Ruiz had failed to

No. 16-11061

exhaust. Ruiz appealed, and this court reversed and remanded. *See Ruiz v. Donahoe*, 569 F. App'x 207, 208 (5th Cir. 2014). Specifically, we determined that the magistrate judge had not addressed Ruiz's challenge to the EEOC's determination that her claim was subsumed within the *McConnell* class action. *Id.* at 212. After concluding that Ruiz had "fully exhausted her administrative remedies with respect to the class action issue," we explained that Ruiz's lawsuit "should not have been dismissed without first addressing whether Ruiz was properly subsumed within the *McConnell* class action." *Id.* Thus, we "remand[ed] to the magistrate judge to decide whether Ruiz was properly subsumed in the class." *Id.*

On remand, and after receiving supplemental briefing from the parties on the class-action issue, the magistrate judge determined that Ruiz's claim was properly subsumed within the *McConnell* class. The magistrate judge explained that "[Ruiz's] removal from her [modified-duty position], job offer to work at the front desk, and lack of accommodation for her hearing impairment at the front desk were all the result of the NRP, and therefore she alleges an identical claim that is properly subsumed into the *McConnell* class action." Because the claim had been properly subsumed into the pending class action, the magistrate judge found that Ruiz had not exhausted her administrative remedies. Although the Postmaster had moved for dismissal pursuant to Rule 12(b)(1), the magistrate judge noted the existence of an intra-Fifth-Circuit split on whether administrative exhaustion is a jurisdictional prerequisite or merely a condition precedent to filing a lawsuit. Applying the rule of orderliness, the magistrate judge adopted the position of the earliest identified panel decision that exhaustion is a condition precedent rather than a jurisdictional prerequisite. Accordingly, the magistrate judge treated the Postmaster's motion as a Rule 12(b)(6) motion to dismiss and dismissed Ruiz's lawsuit

No. 16-11061

without prejudice for failure to exhaust administrative remedies. Ruiz timely filed a notice of appeal.

## II.

We review de novo the district court's decision to dismiss a complaint under Rule 12(b)(6). *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015). Additionally, we review de novo a district court's determination that the plaintiff failed to exhaust her administrative remedies. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Taylor*, 798 F.3d at 279 (quotations and citations omitted). In ruling on a Rule 12(b)(6) motion, we may consider the contents of the pleadings along with any attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Further, we may take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Here, Ruiz attached several exhibits to her amended complaint that the magistrate judge properly considered as part of the pleadings.

## III.

Ruiz brings claims under the Rehabilitation Act, which prohibits the United States Postal Service from discriminating against its disabled employees. 29 U.S.C. § 794. A Rehabilitation Act claimant must satisfy the procedural requirements set forth in Title VII of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(1); *see also Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981). One of these procedural requirements is the exhaustion of administrative remedies, which is satisfied when either (1) the employee receives notice of final agency action or by the EEOC upon appeal from an

agency decision, or (2) 180 days have passed from the filing of the administrative complaint or appeal thereof without final agency action. *See* 42 U.S.C. § 2000e-16(c); *Prewitt*, 662 F.2d at 304.

Congress has granted the EEOC authority to establish procedures for adjudicating discrimination claims. *See* 42 U.S.C. § 2000e–16(b); 29 U.S.C. § 794a. Pursuant to this authority, the EEOC has promulgated regulations and guidance governing administrative class actions. *See generally* 29 C.F.R. § 1614.204; U.S. Equal Emp. Opportunity Comm'n, MD-110, Management Directive for 29 C.F.R. Part 1614, ch. 8 (2015). When an administrative class complaint meets the EEOC's class-certification requirements, *see* § 1614.204(a)(2) (setting forth four required elements for a class complaint), and a class action is pending, individual complaints alleging claims "identical to the class claim(s)" are subsumed within the class complaint. MD-110, ch. 8, part III.[2]

> For an individual claim to be subsumed in an accepted class complaint, it must be identical in all respects to the class claim(s), including the issue and basis of discrimination alleged. When an individual complaint raises multiple claims, only those claims that are identical to those raised in the class complaint will be subsumed in it. The non-identical claims in the individual complaint shall be processed separately under the individual complaint process.

*Id.*

Accordingly, when an individual plaintiff's claims are properly subsumed within an administrative class action, the plaintiff will be unable to meet the

---

[2] In support of its initial motion to dismiss the amended complaint, the Postmaster filed portions of EEOC Management Directive 110, dated November 9, 1999. MD-110 has since been revised, and this opinion refers to the currently effective version, updated as of August 5, 2015, and available at www.eeoc.gov/federal/directives/md110.cfm. *See* MD-110, preamble (noting that the updated directive supersedes the directive issued on November 9, 1999).

administrative exhaustion requirement with respect to her individual claims as long as the class action is pending. *See Sanchez v. Brennan*, No. 16-1164, 2017 WL 587112, at *1–2 (10th Cir. Feb. 14, 2017) (affirming the district court's ruling that the plaintiff failed to exhaust administrative remedies when his individual claims were subsumed by an administrative class action and he failed to either appeal the decision to subsume his claims or participate in the class-action settlement); *Wade v. Donahoe*, Nos. 11-3795, 11-4584, 2012 WL 3844380, at *13–14 (E.D. Pa. Sept. 4, 2012) (dismissing plaintiff's individual disability discrimination claims because they were properly subsumed by pending *McConnell* class action); *cf. Johnson v. Rubin*, 105 F.3d 665, 1997 WL 14348, at *2–3 (9th Cir. 1997) (unpublished) (holding that individual claims placed on hold pending resolution of an administrative class complaint were unexhausted and thus could not serve as the basis for an individual complaint in federal court); *Monreal v. Potter*, 367 F.3d 1224, 1231–32 (10th Cir. 2004) (concluding that individual discrimination claims can be exhausted through a class administrative complaint).

## IV.

We first address Ruiz's argument that the magistrate judge erred in ruling that her disability discrimination claim was properly subsumed within the *McConnell* class action. In *McConnell v. Potter*, the EEOC approved the certification of an administrative class related to the NRP. 2010 WL 332083, at *9. The *McConnell* class is defined as "all permanent rehabilitation employees and limited duty employees at the agency who have been subjected to the NRP from May 5, 2006, to the present, allegedly in violation of the Rehabilitation Act of 1973." *Id.* Further, the EEOC concluded that the class agent's claims should be categorized into the following "broader issues": (1) the "NRP fails to provide a reasonable accommodation" (including "the question of the effect the NRP has on the interactive process and providing an individual

assessment"); (2) the "NRP wrongfully discloses medical information"; (3) the "NRP creates a hostile work environment"; and (4) the "NRP has an adverse impact on disabled employees." *Id.* at *9 & n.2. With respect to the commonality and typicality certification requirements, the EEOC explained that the administrative judge had found that "the class agent had shown that the agency had a nationwide practice of targeting employees in rehabilitation or limited-duty positions, adversely affecting their reasonable accommodations via the NRP." *Id.* at *5, *8. Further, the administrative judge noted that "the specific alleged harm may be different for the various employees involved, but the common link was that *all of these people were asserting that they were negatively affected by the NRP.*" *Id.* (emphasis added).

Ruiz essentially contends that her amended complaint presents two, distinct claims: (1) that she was improperly removed from her existing modified-duty position associated with her injured-on-duty disability (carpal tunnel syndrome), and (2) that her front-desk job was retracted due to the Postal Service's failure to accommodate her non-work-related injury (her congenital hearing impairment). In the district court, Ruiz conceded that the first claim falls within the scope of the *McConnell* class action, and she does not argue otherwise on appeal. Ruiz has thus waived any argument that the district court erred in subsuming her first claim within the *McConnell* class action.[3] Rather, Ruiz challenges the magistrate judge's determination that her second claim—that the Postal Service failed to accommodate her hearing

---

[3] Even if we considered the merits of the magistrate judge's decision with respect to Ruiz's first claim, the amended complaint's characterization of the claim unambiguously places it within the scope of the *McConnell* class. The amended complaint describes the claim as "NPR's [sic] removal of Plaintiff from an existing modified position," in violation of the Postal Service's obligation to provide reasonable accommodation for Ruiz's injured-on-duty disability. This claim is unquestionably subsumed within the *McConnell* class action. *See McConnell*, 2010 WL 332083, at *9.

disability—was subsumed within the *McConnell* class. According to Ruiz, her second claim is "non-identical" to the *McConnell* class claims because it relates to her non-injured-on-duty disability (her congenital hearing disability).

We agree with the magistrate judge's determination that Ruiz's second claim is also subsumed by the *McConnell* class action. Even though the front desk position was allegedly retracted because of her congenital hearing impairment, rather than her injured-on-duty disability, she still satisfies the class definition with respect to her second claim: Ruiz was an employee placed in a modified position due to an injured-on-duty disability,[4] who was subjected to the NRP between May 5, 2006 and the present, allegedly in violation of the Rehabilitation Act. *See id.* at *9. The NRP placed her in a front desk position she could not perform due to her physical limitations and failed to provide her reasonable accommodation while in the position as well as after the position was retracted. Ruiz thus shares "the common link" with other *McConnell* class members "asserting that they were negatively affected by the NRP." *See id.* at *8. Her second claim also falls within the first and fourth "broader issues" identified in *McConnell. See id.* at *9 & n.2 ((1) the "NRP fails to provide a reasonable accommodation" (including "the question of the effect of the NRP

---

[4] The *McConnell* class definition references two groups of affected employees: "rehabilitation" employees and "limited-duty" employees. *McConnell*, 2010 WL 332083, at *9.

> Limited-duty employees are defined as injured-on-duty employees whom the agency expects will be able to return to their pre-injury positions as their medical conditions improve, while rehabilitation employees are defined as employees who were injured-on-duty and have reached a level of maximum medical improvement (MMI), and are not expected to be able to return to their pre-injury positions.

*Id.* at *2 (citations omitted). The record is not clear as to whether Ruiz was considered a limited-duty or rehabilitation employee. The distinction between rehabilitation employees and limited-duty employees is not relevant to this appeal, however, because both types of employees were subject to the NRP and are included in the class definition. *Id.* at *9. Thus, Ruiz's claims fall within the scope of the class regardless of her classification as a limited-duty employee or rehabilitation employee.

has on the interactive process and providing an individual assessment") and (4) the "NRP has an adverse impact on disabled employees"). Ruiz alleges that by placing her in a position she was unable to perform because of her hearing disability, subsequently retracting that position, and then failing to identify any necessary tasks within her medical restrictions, the "NRP fail[ed] to provide a reasonable accommodation" and did not afford Ruiz an interactive process and individual assessment. *Id.* Additionally, Ruiz's second claim essentially alleges that the NRP had an "adverse impact" on her because she was a disabled employee (as a result of both her carpal-tunnel-syndrome and permanent-hearing disabilities). *Id.* at *9.

The plain language of the amended complaint also supports the conclusion that Ruiz's second claim is properly subsumed within the *McConnell* class action. Ruiz alleges that "NRP didn't provide reasonable accommodation to Plaintiff's known physical limitations: carpal tunnel syndrome and hearing impairment." Similarly, Ruiz alleges that "NPR [sic] withdrew reasonable accommodation from an existing modified position and failed to provide reasonable accommodation at the new position being offered."[5]

It makes no difference that Ruiz's second claim alleges that the NRP failed to accommodate only her "non-injured-on-duty" disability (her permanent hearing impairment). The existence of a work-related disability (such as Ruiz's carpal tunnel syndrome) is a necessary precondition to an employee being subjected to the NRP in the first place, as the only employees

---

[5] Ruiz argues that because her amended complaint specifically alleges that her second claim is non-identical to the claims in the *McConnell* class, dismissal under Rule 12(b)(6) is improper. "However, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). As explained above, the factual allegations in the amended complaint place Ruiz's second claim squarely within the *McConnell* class.

No. 16-11061

subject to the NRP were those in modified positions as a result of sustaining on-the-job injuries. *McConnell*, 2010 WL 332083, at *2. Once an employee is subject to the NRP, however, the *McConnell* class does not distinguish between alleged failures to accommodate the employee's limitations stemming from the on-the-job injury and alleged failures to accommodate any other limitations the employee may have. Put differently, as defined by the EEOC, the *McConnell* class claims are not limited to the NRP's failure to accommodate only work-related injuries or the NRP's adverse impact on disabled employees only with respect to their work-related disabilities. *See id.* at *8 ("[T]he specific alleged harm may be different for the various employees involved, but the common link was that all of these people were asserting that they were negatively affected by the NRP."). Ruiz alleges that she was subjected to the NRP and that the NRP failed to reasonably accommodate her limitations.

Accordingly, the district court correctly concluded that Ruiz's claims were subsumed within the *McConnell* class action.

V.

We next address the magistrate judge's dismissal of Ruiz's claims without prejudice under Rule 12(b)(6) because Ruiz failed to administratively exhaust her disability discrimination claims. Ruiz argues that the presence of "right to sue" language in the EEOC's decision subsuming her claims within the *McConnell* class means that she has exhausted her administrative remedies with respect to her disability claims. Ruiz also contends that the magistrate judge erred in dismissing her claims pursuant to Rule 12(b)(6) rather than Rule 12(b)(1). Both of Ruiz's arguments fail.

The EEOC's decision subsuming Ruiz's claims within the *McConnell* class notified Ruiz that she had a right to file a civil action in federal district court within ninety days. The inclusion of this "right to sue" language informed Ruiz of her right to litigate the EEOC's decision to subsume her claims within

11

the *McConnell* class—not her right to litigate those claims on the merits. *See* MD-110, ch.8, pt. III ("When an agency makes a decision not to process an individual claim because it is identical to and subsumed by an accepted class complaint, it shall issue a decision advising the individual complainant of his/her right to appeal to OFO for a ruling on whether the individual claim should be subsumed in the accepted class claim(s)."). This court recognized as much in Ruiz's prior appeal. There, we explained that by obtaining a decision from the EEOC, Ruiz "fully exhausted her administrative remedies with respect to the class action issue." *Ruiz*, 569 F. App'x at 212. We thus remanded the case to the district court to consider whether Ruiz's claims had been properly subsumed. *Id.* If the "right to sue" language in the EECO's decision meant that Ruiz could litigate the merits of her discrimination claims, it would have been unnecessary for the prior panel to instruct the district court to examine whether Ruiz's claims had been properly subsumed; rather, it would have simply remanded with instructions that the district court consider the merits of Ruiz's claims. Accordingly, the EEOC's notice of Ruiz's right to sue does not establish that she exhausted her administrative remedies with respect to the merits of her disability discrimination claims. *See, e.g., Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 274–75 (5th Cir. 2006) (unpublished) (affirming the dismissal of a suit filed after the plaintiff had received a right-to-sue notice from the EEOC, where the EEOC had found the plaintiff's administrative claim to be untimely); *Palma v. New Orleans City*, 115 F. App'x 191, 193–95 (5th Cir. 2004) (unpublished) (same).

Ruiz's contention that the magistrate judge erred in dismissing her complaint pursuant to Rule 12(b)(6) is likewise unavailing. "There is disagreement in this circuit on whether a Title–VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter

No. 16-11061

jurisdiction." *Pacheco*, 448 F.3d at 788 n.7. The magistrate judge's opinion correctly observed this intra-circuit conflict but ultimately determined that this court's decision in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970) controlled, concluding that exhaustion is a condition precedent rather than a jurisdictional prerequisite. The magistrate thus converted the Postmaster's Rule 12(b)(1) motion to a Rule 12(b)(6) motion and dismissed Ruiz's claims for failure to exhaust administrative remedies.

Because neither party is arguing waiver or estoppel, and because the outcome would remain the same whether we consider exhaustion to be a condition precedent or a jurisdictional prerequisite, "we need not take sides in this dispute." *See Pacheco*, 448 F.3d at 788 n.7. The magistrate judge dismissed Ruiz's suit without prejudice, meaning that she may pursue her claims upon conclusion of the *McConnell* class if she is unsatisfied with the result. *See* 29 C.F.R. § 1614.204(l). Had the magistrate judge dismissed her claims pursuant to Rule 12(b)(1), her claims would have likewise been dismissed without prejudice. *See Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (holding that dismissal without prejudice is proper when the district court dismissed for lack of subject matter jurisdiction). Further, this court reviews de novo dismissal under both Rule 12(b)(6) and Rule 12(b)(1). *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Accordingly, even if the magistrate judge had dismissed Ruiz's claims under Rule 12(b)(1) for lack of subject matter jurisdiction, the dismissal would have been without prejudice and our review would remain unchanged.

## VI.

We AFFIRM the district court's dismissal of Ruiz's claims without prejudice.

13