# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20145
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2019

Lyle W. Cayce
Clerk

IRON THUNDERHORSE,

Plaintiff–Appellant,

v.

RISSIE OWENS, Texas Board of Pardons and Paroles Chairperson, sued in their individual as well as official capacities; DONNA WAGLEY, Texas Board of Pardons and Paroles, Parole regional Supervisor for DP04, sued in her individual as well as official capacities; CANDICE WOODARD, Texas Board of Pardons and Paroles, Parole Officer at DP04, sued in their official and individual capacities; CHRISTOPHER COOPER, DP04 Parole Officer sued in official and individual capacity; BRAD LIVINGSTON, Executive Director of the Texas Department of Criminal Justice, sued in an official as well as individual capacity,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3530

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20145

Iron Thunderhorse, Texas prisoner # 00624391, filed a pro se civil rights complaint under 42 U.S.C. § 1983 challenging the conditions of his release on parole. Thunderhorse alleged that he was denied the ability to practice his religion freely during his confinement in a halfway house in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act. He further alleged that the conditions of his parole did not accommodate his disability as an elderly blind person in violation of the Americans with Disabilities Act and the Rehabilitation Act.

The district court granted the defendants' partial motion to dismiss, and because the parties were unable to identify any remaining live claims, the court later dismissed the case with prejudice. This court reviews dismissals under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) de novo, applying the same standards used by the district court. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017); *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010).

Thunderhorse complains that he was not afforded the benefit of liberal construction as a pro se litigant and that the district court applied a "stricter standard" in considering the allegations in his complaint. This argument is without merit. The district court recognized in its order that as a pro se litigant, Thunderhorse's pleadings were entitled to "liberal construction," which meant that they would be subject to "less stringent standards than formal pleadings drafted by lawyers."

The district court also did not dismiss Thunderhorse's claims for injunctive relief based solely on the retirement of two named defendants as Thunderhorse maintains. Instead, the court concluded that Thunderhorse's claims for injunctive relief were moot because Thunderhorse's parole had been revoked, and he was no longer on parole or subject to any of the conditions of

supervised release that he complained of in his lawsuit, and there was no apparent prospect for his release on parole in the foreseeable future.

According to Thunderhorse, the district court "improperly resolved the issue of statutes of limitations [sic] without consideration of mitigating circumstances." He complains that the court failed to consider the fact that he had been transferred to six different facilities in one year and was often without his legal materials for extended periods of time.

To the extent that Thunderhorse is arguing for equitable tolling of the limitations period, he did not raise any such argument before the district court. Arguments not raised before the district court are forfeited and will not be considered on appeal unless the party can demonstrate "extraordinary circumstances." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996). Thunderhorse makes no effort to establish extraordinary circumstances.

Though Thunderhorse complains that the district court dismissed his case "outright" without "guidance or affirmative instructions to the parties," it is clear from the court's initial order that it did not dismiss Thunderhorse's case before providing the parties an opportunity to identify any remaining live claims. As such, Thunderhorse's claimed violation of his right to due process is without merit.

Contesting the district court's decision to dismiss the case with prejudice, Thunderhorse argues that the court should have considered alternatives, such as ordering him to submit a detailed reply or a more definite statement. Here, however, the court was under no obligation to order a more definite statement, especially when Thunderhorse had already been granted leave to amend his original complaint and had been given the opportunity to identify any remaining live controversies after the court granted the defendants' partial

motion to dismiss.  *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

Thunderhorse complains that the district court abused its discretion in denying his motion for the appointment of counsel given "the circumsta[n]ces of this case."  He does not elaborate further on the issue or otherwise address the district court's analysis under *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).  Because Thunderhorse has not addressed the district court's reasons for denying his motion for the appointment of counsel, he has abandoned the issue on appeal.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

He also challenges the transfer of his case from the Western District of Texas to the Southern District of Texas, but he does not address the district court's analysis under *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008).  He merely argues that venue is proper in the Western District of Texas because the state agencies involved in his lawsuit are in Austin and his choice of venue should be given deference.  The plaintiff's choice of forum is a factor to be considered, but "it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  Thunderhorse has failed to show that the district court abused its discretion in granting the defendants' motion to transfer.  *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

Based on the foregoing, the judgment of the district court is AFFIRMED. Thunderhorse's motion to strike the defendants' brief is DENIED.