# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

TRAVIS JAMES THOMPSON,

Plaintiff - Appellant

v.

LESLIE D. ROUSSELL, Lawyer; VINCE WILLIAMS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:17-CV-101

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Travis James Thompson, Mississippi prisoner # 141486, challenges the district court's dismissal of his action, filed pursuant to 42 U.S.C. § 1983, against Judge Dal Williamson, Judge Kyle Robertson, the Jones County Adult Detention Center, Jones County, Assistant District Attorney Kristen Martin, Detective Vince Williams, and retained counsel Leslie Roussell. Thompson claimed: Detective Williams

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60672

violated his Fourth Amendment rights by arresting him outside Detective Williams' jurisdiction, searching his apartment without his permission, and presenting his prior criminal charges to Judge Robertson at a bond-revocation hearing; Judges Robertson and Williamson improperly revoked his bond; and Assistant District Attorney Martin, the Jones County Adult Detention Center, Jones County, and Roussell violated his constitutional rights by not reversing the bond revocation. He also challenged the validity of his conviction and sentence.

The court dismissed, *sua sponte*, all claims against Judges Robertson and Williamson, Assistant District Attorney Martin, the Jones County Adult Detention Center, and Jones County for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The remaining claims were referred to a magistrate judge. (In this first order, the court also dismissed, without prejudice, Thompson's claims seeking release, cognizable only in a petition for a writ of habeas corpus, because Thompson had not shown he exhausted state remedies.)

Adopting the magistrate judge's subsequent report and recommendations, the court dismissed the claim against Roussell for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), because, contrary to 42 U.S.C. § 1983, he did not act under color of state law. As to Detective Williams, the court dismissed: the extraterritorial-arrest claim, pursuant to Rule 12(b)(6), because the arrest did not violate Thompson's constitutional rights; the illegal-search claim, pursuant to Rule 12(b)(6), as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and because, in any event, the allegations failed to state a claim; and the bond-revocation charges, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Detective Williams was entitled to absolute immunity. (To the extent Thompson pleaded any state-

No. 18-60672

law claims, these were dismissed without prejudice because the court declined to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).)

A dismissal pursuant to Rule 12(b)(6) is reviewed *de novo. E.g., Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citation omitted). A dismissal under 28 U.S.C. § 1915(e)(2)(b)(ii) is also reviewed *de novo. E.g., Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (citations omitted).

On appeal, Thompson does not address the court's reasons for dismissal; he has, therefore, abandoned his claims. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 745, 748 (5th Cir. 1987) (concluding *pro se* appellant's failure to identify "any error in [court's] legal analysis or its application to [appellant's] suit . . . is the same as if [appellant] had not appealed that judgment").

AFFIRMED.