# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30926

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

Carroll Wayne Haynes,

*Plaintiff—Appellant*,

*versus*

Ralph K. Lee, Jr.; F. T. Friedberg; Feliciana Forensic Facility; M. Bofill Duhé, *in his official capacity as District Attorney for the 16th JDC, State of Louisiana*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-534

———————————————————

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Carroll Wayne Haynes, an inmate serving a life sentence in a prison operated by the Louisiana Department of Corrections, brought this suit alleging constitutional errors in state-court sanity proceedings that occurred 30 years ago. The district court dismissed all claims. We AFFIRM.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30926

Haynes was charged with second-degree murder of his wife in 1989. He was deemed incompetent to stand trial, and the court ordered him to be committed to Feliciana Forensic Facility for evaluation. Due to a long admissions waitlist, he was instead evaluated by Dr. F. T. Friedberg through a program that allowed Haynes to be evaluated in the facility where he was in custody. Following another sanity hearing that considered Dr. Friedberg's evaluation, Haynes was deemed competent to stand trial. He was convicted in 1991 and given a life sentence.

In 2022, Haynes brought claims under 42 U.S.C. § 1983 and § 1985(3) against Dr. F. T. Friedberg, Feliciana Forensic Facility, District Attorney M. Bofill Duhé, and Assistant District Attorney Ralph K. Lee, Jr., alleging constitutional violations in his sanity proceedings. All four defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motions and dismissed all claims. Haynes appeals the ruling regarding District Attorney Duhé, Assistant District Attorney Lee, and Dr. Friedberg.[1]

We give *de novo* review to a district court's grant of a Rule 12(b)(6) motion. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). We can affirm the district court's decision on any basis presented to the district court and supported by the record. *Brown v. Tarrant Cnty.*, *Texas*, 985 F.3d 489, 494 (5th Cir. 2014).

Haynes argues the district court erred in concluding that District Attorney Duhé and Assistant District Attorney Lee were entitled to absolute prosecutorial immunity. He also argues the district court made structural

---

[1] Haynes's claims against Feliciana Forensic Facility are waived because Haynes failed to raise and argue the claims on appeal in his initial brief. *See MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 367 (5th Cir. 2022).

errors when it dismissed his claims without considering the substance of Haynes's claims or making "any reference or comments concerning Louisiana's procedural scheme to protect the appellant." Haynes concedes, though, that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff is barred from "recover[ing] damages for [an] allegedly unconstitutional conviction or imprisonment" unless the plaintiff can demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

The district court dismissed Haynes's claims against Dr. Friedberg under *Heck*. Although the district court dismissed Haynes's claims against District Attorney Duhé and Assistant District Attorney Lee based on absolute immunity, the defendants argued that *Heck* mandated dismissal of their claims as well. Thus, the argument that *Heck* barred Haynes's claims was before the district court and is supported by the record. Haynes concedes that his conviction has not been invalidated or called into question. His claims are therefore "not cognizable" under *Heck*.

To avoid *Heck*'s bar, Haynes asks the court to convert his claims into "a federal 2254 Habeas Suit." We decline to do so. Haynes has extensively litigated his conviction over the past 30 years. He has already sought federal habeas relief and his recent motion for leave to file a successive application for writ of habeas corpus was denied. *In re Carroll Wayne Hanes,* No. 22-30689 (5th Cir. Dec. 30, 2022); 28 U.S.C. § 2244(b)(3).

AFFIRMED.